UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARRIO MURRELL,

  Plaintiff,

v.                                                     Case No.     23-C-1216

CITY OF OAK CREEK, et al.,

  Defendants.

## ORDER

The plaintiff alleges he was the victim of an unconstitutional stop and/or search during a traffic stop. Defendants filed a motion for summary judgment on April 4, 2024. In response, the plaintiff, who appears *pro se*, filed a motion to strike the summary judgment motion and to extend discovery deadlines. In short, the plaintiff argues that the summary judgment motion is premature, as it was filed roughly two months before the discovery deadline of June 1. He further asserts that he has a right to depose the defendants within the discovery period and that the court should therefore strike the summary judgment motion. The defendants' response is two-fold. First, they assert that the plaintiff failed to notice depositions in a timely fashion. Instead, on April 12, he unilaterally noticed six depositions to occur on May 16, which was after the deadline to respond to the summary judgment motion. Second, the defendants argue that the depositions of the defendants are not required in order for the plaintiff to respond to their summary judgment motion. Their motion is based on proposed findings of fact, which themselves are based on declarations filed by the various defendants.

If the plaintiff wishes to contest any material facts, he may do so. After all, he is one of the key witnesses to the stop and search.

I have reviewed the defendants' brief in support of their motion for summary judgment. While I agree with the defendants that the plaintiff *could* respond to the motion without conducting depositions, his response would likely be more meaningful and thorough if he were able to conduct the discovery he believes is relevant here. The arresting officers state that the stop was strictly by the book, but the plaintiff (who obviously has a different opinion) might find it fruitful to examine them. It's also true that the plaintiff had several months in which to take their depositions, but by civil litigation standards this action is not old at all, having been filed in September 2023, and the discovery deadline has not yet passed. Finally, a *pro se* plaintiff is to be given some leeway in navigating the sometimes confusing rules of civil litigation. Under these circumstances, I do not find that any missteps in timing or noticing depositions need be fatal to his cause. Accordingly, I conclude that the plaintiff should be afforded a reasonable opportunity to take depositions before responding to the motion for summary judgment.

Accordingly, the discovery cutoff will be extended until **August 1**. The plaintiff may notice and take appropriate depositions during the discovery period.[1] His response to the defendants' summary judgment motion will be due **August 16**. Any reply brief will be due within 14 days of the plaintiff's response brief. The plaintiff should further be aware that some discovery is appropriately shared only when a protective order is in place. The proposed order submitted by the defendants appears to be a standard protective order. If the plaintiff wants

---

[1] The plaintiff should contact defense counsel in advance to arrange acceptable dates and times.

to receive any discovery that might reasonably be subject to such an order, he should agree to the order submitted by the defendants.

The motion to extend discovery (ECF No. 29) is **GRANTED**, as set forth above. The motion is **DENIED** in all other respects.

**SO ORDERED** this 17th of May, 2024.

_____
STEPHEN C. DRIES
United States Magistrate Judge