UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARRIO MURRELL,

    Plaintiff,

    v.                                                   Case No. 23-CV-1216-SCD

NATHAN BASTING,
KATHRYN WARREN, and
RYAN CURRAN,

    Defendants.

## DECISION AND ORDER

Marrio Murrell, who is black, was driving home from a fundraising event with his family when he was stopped by the Oak Creek police for speeding.[1] Murrell gave the police his concealed-carry license (generally referred to as a CCW permit) and acknowledged that he had firearm on his person. After verifying that the license was valid, and without observing any other suspicious behavior, the police directed Murrell out of the vehicle so they could secure the gun and check to make sure it wasn't stolen and hadn't been used in a crime. Once everything checked out, the police returned the gun, issued Murrell a warning for speeding, and let him and his family continue their ride home.

Though he was calm and cooperative at the time of the traffic stop, Murrell questioned whether the police treated him by the book. Unsatisfied that the officers were not disciplined for what he believed to be a violation of his constitutional rights, Murrell sued the city, the

---

[1] The facts, which are largely undisputed, are taken from the defendants' proposed findings of fact, ECF No. 19; the plaintiff's statement of fact, ECF No. 40; the defendants' response to the plaintiff's statement of fact and proposed additional findings of fact, ECF No. 41-1; and a review of the body-worn camera video, Defs.' Facts Ex. B (electronically stored in the clerk's office).

police department, the chief of police, two police lieutenants, and the three officers in federal court. *See* Compl., ECF No. 1. The matter was reassigned to this court after all parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 2, 7, 8.

Murrell's complaint asserts six causes of action: three federal claims under 42 U.S.C. § 1983 and three state-law claims under 28 U.S.C. § 1367(a). *See* Compl. ¶¶ 54–89. The federal claims are (1) unreasonable search and seizure against Officers Nathan Basting, Kathryn Warren, and Ryan Curran; (2) municipal liability against all defendants; and (3) racial profiling and racial discrimination against the City of Oak Creek and the three officers. Murrell also brings state-law claims for (4) unreasonable search and seizure in violation of the Wisconsin Constitution against the three officers; (5) violation of the right to keep and bear arms under the Wisconsin Constitution against Officer Basting; and (6) deprivation of rights secured by section 175.60 of the Wisconsin Statutes against Officer Warren.

The defendants moved for summary judgment on all six claims. *See* Defs.' Mot., ECF No. 17. The court granted the motion with respect to Murrell's Fourth Amendment claim and municipal liability claim, permitted Murrell to submit evidence underlying his racial profiling and racial discrimination claim, and withheld ruling on the remaining state-law claims. *See* Decision & Order, ECF No. 42. Murrell subsequently submitted a brief contending that the officers treated him differently because he is black. *See* Pl.'s Br., ECF No. 45. The defendants maintain that they are entitled to summary judgment on the race-based claim because the officers did not deprive Murrell of his constitutional rights and, even if they did, qualified immunity shields the officers from liability. *See* Defs.'s Resp., ECF No. 46.

As explained previously, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Murrell bears the burden of proof on his racial profiling and racial discrimination claim, which lies in the Equal Protection Clause. "To show a violation of the Equal Protection Clause, [a] plaintiff[] must prove that the defendants' actions had a discriminatory effect and were motivated by a discriminatory purpose." *Chavez v. Ill. State Police*, 251 F.3d 612, 635–36 (7th Cir. 2001) (citations omitted). "Law enforcement has a racially discriminatory effect when members of a protected racial group—in this case African Americans—receive less favorable treatment than nonmembers." *United States v. Barlow*, 310 F.3d 1007, 1010 (7th Cir. 2002) (citations omitted). "In other words, to establish discriminatory effect, an African American claimant must demonstrate that a law or regulation was enforced against him, but not against similarly situated individuals of other races." *Id.* "[D]iscriminatory purpose . . . implies more than . . . intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of . . . its adverse effects upon an identifiable group." *Chavez*, 251 F.3d at 645 (quoting *McCleskey v. Kemp*, 481 U.S. 279, 298 (1987)).

Murrell insists that the officers' actions were racially motivated. He accuses the officers of engaging in racial profiling when they stopped him, ran his information, ordered him out of the vehicle, seized his lawfully possessed firearm, and patted him down but did not take any similar actions against the vehicle's other occupants—his wife and his teenage daughter, who he says is white and of white descent, respectively. Murrell also points out that, during the stop, Officer Basting told his fellow officers that Murrell probably had other guns in the vehicle. According to Murrell, that belief made all the occupants similarly situated in their

3

access to firearms and, according to the police department's vehicle contacts policy, *see* Pl.'s Br. Ex. 1, ECF No. 45-1, warranted a search of his wife, his daughter, and the vehicle. However, Murrell says the officers focused solely on him because he is black.

Murrell has failed to present evidence from which a reasonable jury could conclude that the officers' actions had a discriminatory effect. The undisputed evidence demonstrates that the officers ordered Murrell out of the vehicle and searched him because they believed he was armed—which he had told them—not because of his race. Indeed, Murrell had given the police his CCW permit. Murrell, however, presents no evidence suggesting that the officers believed or had any reason to believe that the other passengers in the car were armed. Officer Basting's comment about other guns probably being in the vehicle was not based on any articulable facts and thus would not have justified a search of the passengers or the vehicle under Supreme Court precedent or police department policy. The fact that the officers interacted only with the person believed to be armed shows that they were following the law and the department's directive. Thus, Murrell has not demonstrated that his wife and daughter were similarly situated or that he was treated differently because of his race.

Murrell has also failed to present evidence from which a reasonable jury could conclude that the officers acted with discriminatory purpose. It is undisputed that Murrell was speeding, and there's no evidence that the officers knew his race prior to the initial stop. Also, the officers did not make any racial comments during their encounter with Murrell, the entirety of which was captured on Officer Basting's body-worn camera. And there is no evidence that the police department has a policy, either actual or *de facto*, encouraging racial profiling. In fact, Officer Basting told Murrell that his actions were all standard procedure—

during traffic stops, he always temporarily seizes firearms from individuals believed to be armed.

Moreover, even if Murrell had presented evidence suggesting that the officers treated him differently because of his race, he has not overcome the defendants' qualified immunity argument. "To overcome a defendant's invocation of qualified immunity, a plaintiff must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Muhammad v. Pearson*, 900 F.3d 898, 903 (7th Cir. 2018) (quoting *Green v. Newport*, 868 F.3d 629, 633 (7th Cir. 2017)). Murrell has not identified, and the court has not found, an instance in which an officer acting under similar circumstances was held to have violated the Equal Protection Clause. Nor does he argue that the violation alleged here was obvious. Thus, Murrell has not demonstrated that the officers' actions violated clearly established law.

Accordingly, for all the foregoing reasons, the court **GRANTS** summary judgment in the defendants' favor on the plaintiff's racial profiling and racial discrimination claim. That leaves the state-law claims for unreasonable search and seizure, violation of the right to keep and bear arms, and deprivation of rights secured by Wis. Stat. § 175.60. The parties have not presented any reason to deviate from the general rule that, "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Co.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). Thus, the court declines to exercise supplemental jurisdiction over the plaintiff's remaining claims. The clerk of court shall enter judgment that the plaintiff's federal claims are dismissed and that the court relinquishes supplemental jurisdiction over the plaintiff's state-law claims.

**SO ORDERED** this 13th day of January, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge